## Robert M'Nair, David M'Nair, Alexander M'Nair, Willie M'Nair, David M'Nair, jr. and John Meddock, plaintiffs in error, *against* Rempublicam.

Indictment for a forcible entry into a messuage, tenement, and tract of land, without mentioning the quantity of acres, held bad after conviction.

WRIT of error to the Quarter Sessions of Crawford county. The indictment was found in July sessions 1801, and stated, that Robert M'Nair, &c. on the 17th day of June in the year of our Lord 1801, at the township of Waterford in the said county of Crawford, and within the jurisdiction of this court, with force of arms and a strong hand, into the messuage, tenement, and tract of land, of a certain John Vincent, then and there being the free tenement of the said John Vincent, and upon the possession of him, the said John Vincent, did enter, and with the like force of arms, him the said John Vincent of the said *messuage, tenement, and tract of land did disseise, and from the same, did expel, and remove him, the said John, [*327 and from the aforesaid day of June, in the year aforesaid, from the said messuage, tenement, and tract of land, with force of arms and a strong hand, at the township and county aforesaid, have hitherto kept out, and still do keep out the said John Vincent, to the great disturbance of the public peace, contrary to the form meaning and effect of the statutes and act of assembly in such cases made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

Mr. Baldwin for the plaintiffs in error, excepted to the indict-

[Shippen's Lessee v. Aughenbaugh.]

ment as being indescriptive of the land. It ought to be described with convenient certainty, as well to enable the party to make his defence, as to warrant the writ of restitution. 1 Hawk. 147. c. 64. § 37. It ought to be as certain as a declaration in ejectment, which states the quantity of land demanded. Runn. Eject. 32. What precise idea can be annexed to a tract of land? It may contain 200, 300 or 400 acres. Here it is left at large. Besides the indictment does not state that the land was in the possession of Vincent, but that the defendants below entered upon his possession.

Mr. A. W. Foster *pro respublica.* The indictment is sufficiently certain. The township, county and the late possession of Vincent are mentioned. A tract of land north and west of the rivers Ohio and Allegheny, means in common parlance 400 acres, as no more can be taken up under one warrant. In Burn's, Just. 203, 14th ed. there is a precedent of an indictment for a forcible entry into a certain messuage, with the appurtenances in , in the parish of, &c. in the possession of a lessee. Upon a conviction, the prosecutor must take possession at his peril, as in ejectment. But though the indictment may be vitious as to the land, it may be good as to the house, according to the authority of Hawkins, as cited.

By THE COURT. The indictment does not pursue the precedents and is not sufficiently certain, in describing the tract of land. There should be at least as much certainty in a criminal prosecution, as in an ejectment. A conviction on such an indictment may operate to great injustice ; and however reluctant we may be, we are constrained to determine, that the judgment must be reversed, and re-restitution awarded.