This cannot be done; this point was closed previously to the interlocutory decree. It would not only be irregular to go into an examination of this point again, but attended with dangerous consequences in practice. Upon the final hearing of a cause in equity, it may not be in the power of the Court, consistently with justice, to put a final end to the suit at once; but, so far as it proceeds, the examination must be considered as closed, and the cause must be taken up where it was left by the interlocutory decree. The defendant's counsel insisted that the survey should have been made in a square, as there were no lines of older entries by which the surveyor was constrained to depart from this form. It was further urged that the intention of the law, in authorizing the surveyor to run in an oblong, extended only to those cases where the surveyor did not interfere with surveys previously made, though on younger entries. The lands up the west fork of the creek had been surveyed and patented previously to the plaintiff's survey, though they were on younger entries. The Court is of opinion that this objection cannot prevail. A court of equity must proceed, not on ideas of abstract equity as laid down in the English authorities, but on such principles as will effectuate the intention of the legislature to be collected from the express provisions of its acts, and such inferences or consequences as naturally grow out of them. A plain inference from a legislative provision is as much within the intention of the legislature as the provision itself. A court of equity is as much bound by a legislative act as a court of law. The oldest enterer was entitled by law to have the oldest survey and oldest grant. It was the duty of the surveyor to survey this entry first, and not to run other younger claims into it; had this been done, as was by law contemplated, there would have been no interference or dispute. Equity considers that as done which should have been done, nor can the rights of the parties, or this preference secured to the plaintiff by law, be lost or affected by the misconduct or mistake of the officers of government, over whom he possessed no control. Through the medium of the officers of government, the surveyor, secretary, and governor, the plaintiff ought to have had the oldest survey and oldest grant. They failed to do this, and we are called on to place him in the situation in which the law contemplated he should be; viz., that he, having the *Page 213 
first special entry which might be surveyed in an oblong, would have the best right. Therefore, all the right, title, and interest of the defendant, or any person claiming under him since the institution of this suit, to any part of the land included within the plaintiff's grant, shall be extinguished; and the defendant may proceed to obtain a warrant for so much lost land if he thinks proper.
NOTE. — This case is cited in Baggs v. Norris, 4 Y. 326; Hickman's Lessee v. Gaither, 2 Y. 202; and Philip's Lesseev. Robertson, 2 Tenn. 409, but not on any point directly decided by it. — ED.