## Commonwealth v. Goodman et al.

*Paul A. Mueller*, district attorney, and *K. L. Shirk*, assistant district attorney, for Commonwealth.

*A. T. Stein* and *Charles L. Miller*, for defendants.

GROFF, P. J., May 14, 1932.—In this case the defendants have filed a demurrer to the indictment, and assigned as the reason why such demurrer should be sustained "that the necessary elements of forcible entry are not set forth therein."

The Act of March 31, 1860, P. L. 382, Sec. 21, provides that:

"If any person shall with violence and a strong hand, enter upon or into any lands or buildings, either by breaking open doors, windows or other parts of a house, or by any kind of violence or other circumstances of terror, or if any person after entering peaceably, shall turn out by force or by threats, or menacing conduct, the party in possession, every person so offending shall be guilty of a forcible entry. . . ."

The indictment in this case charges that Miles F. Goodman, Allen Goberman and Elvin Hardy, on December 15, 1931, "did unlawfully with violence and a strong hand enter upon and/or into a man's building consisting of a store and an apartment building, the property of N. B. McCulloch."

We feel it is plain that the indictment does not allege sufficient facts to put the defendants on trial for the offense intended to be charged.

It seems to have been the law of Pennsylvania since M'Nair et al. *v.* Rempublicam, 4 Yeates 326, which was decided in 1806, that in an indictment there should be at least as much certainty in a criminal prosecution for forcible entry as in an ejectment, and the court, referring to the indictment in that case, said: "A conviction on such an indictment may operate to great injustice; and however reluctant we may be, we are constrained to determine, that the judgment must be reversed and re-restitution awarded."

We find the same principle announced in Sadler's Criminal & Penal Procedure in Pennsylvania, 289, paragraph 257. Of course, the latter refers to forcible entry and detainer.

The act of assembly defining forcible entry (Act of March 31, 1860, P. L. 382, Sec. 21) says that the entry must be made "either by breaking open doors, windows or other parts of a house, or by any kind of violence or other circumstances of terror."

While this indictment does allege that defendants entered unlawfully, and with violence, we feel that the indictment should at least set out through what part of the building it was entered, and should describe it at least sufficiently so that the place which was forcibly entered could be identified with certainty and ease.

We feel that the demurrer to the indictment should be sustained.

Demurrer sustained.

From George Ross Eshleman, Lancaster, Pa.